## No. 25613

## The People of the State of Colorado v. Christian Brent Cram
### (505 P.2d 1299)

Decided February 5, 1973.

A. L. Herrmann, Jr., District Attorney, R. W. Dickerson, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

PER CURIAM

This is an interlocutory appeal brought by the district attorney from an order sustaining a motion to suppress the admission in evidence of alleged narcotic drugs seized in the execution of a search warrant. The defendant was charged

with several counts of possession of drugs. He has made no appearance here.

The district attorney contends that the court erred in failing to make findings of fact and conclusions of law. Assuming *arguendo* that this point may be considered on an interlocutory appeal, the court's findings and conclusions are sufficiently clear to us. After the testimony at the suppression hearing was concluded, the court indicated that the matters set forth in the affidavit supporting the search warrant might be sufficiently similar to those set forth in the affidavit in *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971); and that *Brethauer* might be controlling. In *Brethauer* the affidavit was ruled to be insufficient. The court had the *Brethauer* opinion on the bench and repeatedly asked the deputy district attorney to distinguish *Brethauer* from the instant case. The answers by the prosecutor were not responsive, and consisted principally of the prosecutor's expression that, in his opinion, the affidavit in the instant case was sufficient. Finally the court stated: " . . . I'm trying to get the facts, the difference between the two cases. I'm not trying to throw your case out, I'm trying to get some help from you." The entire response from the deputy district attorney was, "I don't have the Brethauer case before me." The court then granted the motion.

■ The principal thrust of this appeal is that the court erred in finding that the affidavit did not sufficiently establish the reliability of the police informant. The district attorney has set forth in his brief a document which he states is the affidavit involved. Neither affidavit nor a copy thereof was included in the record on appeal. Particularly since the defendant has not appeared here, we apply the rule that the *record* must show the essential facts upon which the trial court predicated its ruling.

The record being insufficient, the ruling of the trial court is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE HODGES do not participate.