MR. JUSTICE GROVES
delivered the opinion of the Court.
The defendant was charged with three felony counts involving force and threat of serious bodily injury or harm: one of rape (section 18-3-401, C.R.S. 1973); and two of deviate sexual intercourse (section 18-3-403, C.R.S. 1973). After trial to the court without a jury he was acquitted of the felony charges but was found guilty of sexual assault, a class one misdemeanor, as a lesser included offense under one of the latter counts. Section 18-3-407, C.R.S. 1973. This statute reads:
“Any person who subjects another not his spouse to any sexual contact commits sexual assault if: He knows that the, sexual contact is offensive to the other person.”
We reverse.
We accepted jurisdiction of this case from the Colorado Court of Appeals by reason of a constitutional question which defense counsel abandoned at oral argument.
The defendant, age 19, and the complaining witness, age 42, were among about 200 guests attending an afternoon wedding reception. At the trial there was testimony of the complaining witness, the defendant, and other guests.
The complaining witness testified that during the reception the defendant had followed her into a downstairs bathroom, grabbed her, forced her to participate in oral sex, and then raped her; and that she had fought and screamed during the incident.
The defendant testified: that the complaining witness had made sexual advances toward him during the reception; that she had told him she had lost an earring in the downstairs bathroom; that he accompanied her to the bathroom; that while in the bathroom the complaining witness participated voluntarily in sexual relations with him; and that, after a knock on the bathroom door, she helped him crawl out through a window.
Upon leaving the reception, the complaining witness had waved goodby to the hosts and had told them that it was a nice party. Two days later she reported the alleged offenses to the police.
Following trial, the court made the following findings:
“. . . I can’t help but believe that [the complaining witness] initiated this by her conduct. . . . That is my firm conviction .... *178 “. . . [t]o have those things go on that went on there and then not to make an outcry, not do any fighting, even help him out the window — she, herself, told me that at the preliminary hearing, and to come out of the bathroom and walk out and say to the host: ‘Goodby. 1 had a good time;’ . . . it is just inconceivable to me that having gone through the alleged indignities that she said that she did, that she would not have reacted differently and then not walk out and say: ‘Goodby. I had a nice time.’”
Based on these findings the trial court acquitted the defendant of the felony charges, but found him guilty of sexual assault. There is nothing in the record to indicate that the act of which he was convicted was committed under a situation essentially different from those as to which he was acquitted. Under these particular circumstances, the judgments were inconsistent.
We reverse and remand the case to the trial court with directions to enter a judgment of acquittal.
MR. JUSTICE HODGES does not participate.