The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Arthur John BETTIS, Defendant-Appellant.

No. 78–1149.

Colorado Court of Appeals, Div. I.

Aug. 2, 1979.

Rehearing Denied Aug. 23, 1979.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Jeffrey Weinman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Steven R. Rider, Aurora, for defendant-appellant.

COYTE, Judge.

Defendant, a volunteer fireman, was responding to an emergency call when his car

struck and killed a bicyclist. In a trial to the court, he was acquitted of vehicular homicide and found guilty of criminally negligent homicide. We affirm.

Defendant's primary contention is that the judgments were inconsistent, i. e., that acquittal of vehicular homicide requires findings of fact irreconcilable with the findings necessary to convict on the criminally negligent homicide charge. Thus, defendant argues, relying on *People v. McKinney*, 192 Colo. 176, 556 P.2d 894 (1976) and *Robles v. People*, 160 Colo. 297, 417 P.2d 232 (1966), that his conviction must be reversed. We disagree.

At the end of trial, the court made the following findings of fact: At the time of the accident, during the night of July 2, 1977, defendant was travelling 3 to 12 miles per hour over the speed limit, and did not see the victim until after the impact. Defendant had his automobile headlights turned on, and he would have been able to see the victim if he had been looking in the right direction.

Although in rejecting the charge of vehicular homicide the court did not specifically state which elements had not been proven, from the remainder of the findings it is apparent that the acquittal was based upon a failure of proof that defendant had operated his vehicle "in a reckless manner." Section 18–3–106(1)(a), C.R.S.1973 (now in 1978 Repl.Vol. 8). It is this finding which defendant contends is inconsistent with the judgment of guilty on the criminally negligent homicide charge.

Where driving under the influence is not involved, vehicular homicide requires proof of three elements: (1) That defendant operated a motor vehicle, (2) that this operation was performed in a reckless manner, and (3) that this conduct proximately caused the death of another person. Section 18–3–106(1)(a), C.R.S.1973 (1978 Repl. Vol. 8). The lesser included offense of criminally negligent homicide, § 18–3–105, C.R.S.1973 (1978 Repl.Vol. 8) is proven by showing: (1) That defendant acted in a criminally negligent manner, and (2) that this conduct caused the death of another

person. The primary differences between the statutes are that the former applies only to operation of a motor vehicle, *People v. Hulse*, 192 Colo. 302, 557 P.2d 1205 (1976), and that the vehicular homicide statutes uses the culpability standard of "recklessly" while the standard applicable in the lesser offense is "criminally negligent." *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975), held that any distinction between the statutory terms "reckless" and "criminally negligent" was a "distinction without a sufficiently pragmatic difference." However, after *Calvaresi*, the General Assembly redefined these terms in 1975 and, we conclude, eliminated the overlap between these standards. *See* § 18–1–501, C.R.S.1973 (1978 Repl.Vol. 8).

The definitions of the two terms now differ in that a person acts "recklessly" when he "consciously disregards" a risk, while he is "criminally negligent" when he "fails to perceive" the risk through a "gross deviation" from a reasonable standard of care. Section 18–1–501(3) and (8), C.R.S. 1973 (1978 Repl.Vol. 8). Thus the distinction is between becoming aware of a risk yet consciously choosing to disregard it as opposed to negligently failing to become aware of the risk. Recklessness requires a higher degree of culpability than criminal negligence.

Under the particular facts of this case, we do not find inconsistency in the court's ruling that the defendant acted in a manner that so deviated from a reasonable standard of care as to be criminally negligent, but that his conduct did not amount to a conscious disregard of risk. The trial court made a finding as to the culpable mental state of defendant, and we will not disturb that finding on review.

Furthermore, this is not a situation like *Robles v. People, supra,* where the court believed and disbelieved the same evidence. Instead, conviction of the lesser included offense represents only a matter of degree, determining only "the severity of the single offense with which the defendant has been charged." *People v. Trout,* Colo., 596 P.2d

762 (1979). Hence, determination that the defendant was guilty of the lesser offense did not create an inconsistent verdict.

Defendant's other contentions of error relate to the sufficiency of the evidence. The facts, as found by the trial court, were sufficient to support the judgment. We cannot, however, rule on whether these findings were supported by the evidence presented at trial because the defendant did not include a transcript of trial court testimony as part of the record on appeal. *People v. Cram*, 180 Colo. 418, 505 P.2d 1299 (1973).

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.