

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Douglas A. Colaric, Designated Counsel, Steamboat Springs, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, William S. Schurman, Special Deputy Public Defender, Steamboat Springs, for defendant-appellant.

The **PEOPLE of the State of Colorado,** Plaintiff-Appellee,

v.

**Tina Trout HERNANDEZ, a/k/a Tina Kay Trout, Defendant-Appellant.**

**No. 76–813.**

Colorado Court of Appeals, Div. II.

April 3, 1980.

As Modified On Denial of Rehearing May 1, 1980.

STERNBERG, Judge.

The determinative issue on this appeal is whether the offense of which defendant Tina Hernandez was convicted, "attempted criminally negligent homicide," was legally cognizable in Colorado. We conclude that, under the applicable statutes, the charge was a logical and legal impossibility. Therefore, we reverse Hernandez' conviction of that offense.

Hernandez originally was charged with first degree assault, conspiracy to commit first degree assault, and attempted second degree murder. Following a preliminary hearing, the assault and conspiracy charges were dismissed. The propriety of dismissing these charges is not before us. The case went to trial on the attempted second degree murder charge.

The evidence at trial disclosed that during an altercation on the night of November 1, 1975, the victim was beaten and kicked by a number of persons and rendered unconscious. There was testimony that Hernandez then dragged the unconscious victim to a mud puddle, leaving him there face down in the water. Shortly thereafter the victim was removed from the puddle. He eventually lost the vision in his left eye as the result of the beating.

The court instructed the jury on attempted second degree murder. Also, over defendant's objection, the court joined the criminally negligent homicide and the attempt statutes, § 18–3–105(1)(a) and § 18–2–101(1), C.R.S. 1973, and charged the jury on "attempted criminally negligent homicide." The jury convicted of that offense.

In our analysis of the issue presented—whether an individual can be convicted of *attempting* to take the life of another through criminal *negligence*—we consider first the statute in effect at the time of the offense, § 18–2–101(1), C.R.S. 1973.[1] It provides that:

"A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he intentionally engages in conduct constituting a substantial step toward commission of the offense. A substantial step is any conduct . . . which is strongly corroborative of the firmness of the actor's intent to complete the commission of the offense."

Under this provision the actor's conduct must have as its goal the achievement of a specific criminal result. Indeed, it has been held that the commission of a criminal attempt requires the intent to commit a specific crime. *Allen v. People*, 175 Colo. 113, 485 P.2d 886 (1971).

Criminally negligent homicide, arising under § 18–3–105(1)(a), C.R.S. 1973, is an unintentional killing caused by the actor's failure to perceive a substantial and unjustifiable risk that a certain result will occur. *People v. Jones*, 193 Colo. 250, 565 P.2d 1333 (1977); see § 18–1–501(3), C.R.S. 1973. Intent to kill is not an element of the offense. *People v. Palumbo*, 192 Colo. 7, 555 P.2d 521 (1976).

An attempt to commit criminally negligent homicide thus requires proof that the defendant *intended* to perpetrate an *unintentional* killing—a logical impossibility. The words "attempt" and "negligence" are at war with one another; they are internally inconsistent and cannot sensibly coexist. As stated in *Smith, Two Problems In Criminal Attempts*, 70 Harv.L.Rev. 422, 434 (1957):

"Recklessness and negligence are incompatible with desire or intention. Where, therefore, in a crime which by definition may be committed recklessly or negligently but not intentionally, the recklessness or negligence relates not to a pure circumstance but to a consequence, it is impossible to conceive of an attempt. Thus there can be no attempt to commit involuntary manslaughter. The consequence involved in that crime is the death of the victim and an act done with intent to achieve this, if an attempt at all, is attempted murder."

And, *see People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975) (involuntary manslaughter statute held unconstitutional because no significant difference existed between the proof required for conviction of that crime and that required for conviction of criminally negligent homicide).

In other states where the question of the viability of a crime defined as an intent to perpetrate an unintentional killing has been raised, conclusions consistent with that which we reach have obtained. *See, e. g., People v. Van Broussard*, 76 Cal.App.3d 193, 142 Cal.Rptr. 664 (1977); *Commonwealth v. Hebert*, 373 Mass. 535, 368 N.E.2d 1204 (1977); *People v. Brown*, 21 App.Div.2d 738, 249 N.Y.S.2d 922 (1964).

The People cite *Charlton v. Wainwright*, 588 F.2d 162 (5th Cir. 1979), wherein a Florida Supreme Court's affirmation of a conviction of attempted manslaughter by culpable negligence was upheld. That case is distinguishable and in any event is not persuasive. As the court noted there, under Florida law culpable negligence is considered the equivalent of criminal intent. Criminal negligence under Colorado law has not been so equated. *People v. Palumbo, supra. See also People v. Calvaresi, supra.*

Because we conclude that the offense for which Hernandez was convicted was nonexistent,[2] the judgment of the trial court is

1. The statute has been amended, effective July 1, 1977, § 18–2–101(1), C.R.S. 1973 (1978 Repl. Vol. 8). The issue of whether a different conclusion than that reached here is mandated by the statutory changes is left for determination on another day.

2. In arriving at this conclusion we are not unaware of the recent decision of *People v. Hardin*, —— Colo. ——, 607 P.2d 1291 (1980). We do not view that case as controlling because it arose under subparagraph (b) of the statute, which does not make negligence an element of the crime.

reversed and the cause is remanded with directions that the information be dismissed.

RULAND and KIRSHBAUM, JJ., concur.