**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Donald FRYSIG, Defendant-Appellant.**

No. 80SA76.

Supreme Court of Colorado, En Banc.

May 26, 1981.

Rehearing Denied June 15, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Greg Walta, Colorado State Public Defender, Michael J. Gallagher, Deputy State Public Defender, Denver, for defendant-appellant.

·LOHR, Justice.

The defendant, Donald Frysig, was convicted of attempt to commit first-degree sexual assault, sections 18–2–101(1), C.R.S. 1973 (1978 Repl.Vol. 8) and 18–3–402, C.R.S. 1973 (1978 Repl.Vol. 8), as the result of a jury trial. In this appeal from that conviction, the defendant challenges the adequacy of the jury instructions and presents a question of first impression concerning the construction of our criminal attempt statute. Finding that the instructions reflect a correct interpretation of the law and that they are otherwise adequate, we affirm the judgment of conviction.

The defendant and the victim were friends and had been acquainted for most of the victim's lifetime. The defendant was 41 years of age and the victim was 20. On the night of October 22, 1977, the victim met the defendant by chance at a bar in Lyons, Colorado. Together, they visited other bars in the area, after which the defendant requested that the victim drive him to his trailer. She agreed. Upon arrival at the trailer, the defendant invited the victim in for coffee and she accepted. Shortly after they entered the trailer the defendant started to make physical advances. When the victim resisted, the defendant took out a gun threatened to shoot her if she did not disrobe, and fired a shot into the floor of the trailer. He then attacked her again, this time holding her down and removing her clothing. The defendant ceased the attack, however, without inflicting penetration, when he was unable to obtain an erection. Later, the defendant drove the victim home. She subsequently reported the incident and the defendant was charged with attempted first-degree sexual assault.

At the conclusion of the People's case, and before the defense had presented any evidence, the trial court discussed its proposed jury instructions in chambers with both counsel. The proposed instruction defining the crime of attempt to commit first-degree sexual assault specified that the accused must *intentionally* engage in conduct constituting a substantial step toward the commission of first-degree sexual assault. The defendant objected to the absence of a definition of the term "intentionally," whereupon the prosecution suggested to the court that "intentionally" should be stricken from the proposed instruction because it was not consistent with the attempt statute, section 18–2–101(1), C.R.S. 1973 (1978 Repl.Vol. 8).[1] The court agreed and ordered the word "intentionally" removed from the instruction. Defense counsel noted his objection, stating that this deletion would permit the jury to convict the defendant of the crime of attempt without finding that he had any culpable mental state.

After the defense presented its case, the jury was instructed. Although the defendant did not testify, the court included an instruction on the defendant's theory of the case. His theory was that, while the victim had accompanied him to his trailer on the night in question, there had been no assault of any kind.[2] The jury returned a verdict of guilty and the defendant appealed.

## I.

The defendant contends that an essential element of criminal attempt is an intent to commit the criminal offense to which the attempt is directed (the underlying of-

---

1. The statute provides in pertinent part: "A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 18–2–101(1), C.R.S.1973 (1978 Repl.Vol. 8).

2. The defendant's theory concerning the gun was that he had fired it into the floor of the trailer to frighten animals away from the trailer.

fense). He urges that any other interpretation would cause the statute to violate due process of law. The defendant claims that the jury was not instructed on this element, and that consequently the instructions were fatally deficient. We agree that the criminal attempt statute must be construed to require an intent to commit the underlying offense, in this case first-degree sexual assault, and so do not reach the constitutional question. Our review of the instructions, however, satisfies us that they were adequate to advise the jury that such intent must be established in order to support a verdict of guilty.

■ An examination of the recent historical development of the criminal attempt statute is helpful in determining its meaning. The genesis of that statute is the Colorado Criminal Code, enacted by the General Assembly in 1971, which effected an extensive revision of the substantive criminal laws of this state. Colo.Sess.Laws 1971, ch. 121, 40–1–101 at 388 *et seq.* The proscription of criminal attempt appears at Colo.Sess.Laws 1971, ch. 121, 40–2–101 at 414, which provides in relevant part as follows:

"(1) A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he *intentionally* engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's *intent* to complete the commission of the offense.

. . . . .

(3) It is an affirmative defense to a charge under this section that the defendant abandoned his effort to commit the crime or otherwise prevented its commission under circumstances manifesting the

complete and voluntary renunciation of his criminal *intent.*" (Emphasis added.)
In 1977 subsection (1) was amended to its present form by striking the word "intentionally" from the language defining attempt, and by striking the word "intent" and inserting in its place the word "purpose" in the sentence defining "substantial step."[3] Colo.Sess.Laws 1977, ch. 224, 18–2–101 at 960. The defendant urges that these changes cannot be construed to eliminate from the elements of criminal attempt the requirement that the defendant intend to commit the underlying offense. We agree with this contention.

■ For an actor to be guilty of criminal attempt, it has traditionally been necessary that he intend to perform acts which, if completed, would constitute the underlying offense. W. La Fave and A. Scott, Jr., *Handbook on Criminal Law*, § 59 (1972) summarizes at 423:

"The crime of attempt, a relatively recent development of the common law, consists of:

(1) an intent to do an act or to bring about certain consequences which would in law amount to a crime; and

(2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation. . . . The primary purpose in punishing attempts is not to deter the commission of completed crimes, but rather to subject to corrective action those individuals who have sufficiently manifested their dangerousness."

In cases interpreting attempt statutes in effect prior to the enactment of the Colorado Criminal Code, we consistently have held that intent to commit the underlying offense[4] is an essential element of criminal attempt. *Martin v. People*, 179 Colo. 237, 499 P.2d 606 (1972); *Allen v. People*, 175 Colo. 113, 485 P.2d 886 (1971); *see Lewis v. People*, 124 Colo. 62, 235 P.2d 348 (1951);

---

**3.** Subsection (3) was not amended.

**4.** We use "intent to commit the underlying offense" as convenient shorthand for the intent to perform acts which, if completed, would constitute the underlying offense. As noted in W. La Fave and A. Scott, Jr., *Handbook on*

*Criminal Law*, § 59 (1972) at 428, "it is the intent to do certain proscribed acts or to bring about a certain proscribed result, rather than an intent to engage in criminality, which is required."

*Martinez v. People*, 111 Colo. 52, 137 P.2d 690 (1943). The criminal attempt statute as enacted originally in the Colorado Criminal Code has also been construed to require such intent. *People v. Hernandez*, Colo. App., 614 P.2d 900 (1980); *see Darr v. People*, 193 Colo. 445, 568 P.2d 32 (1977). Indeed, it is this purpose to cause harmful consequences, *i. e.*, to perform those acts necessary to accomplish a completed crime, which forms an important part of the rationale for making attempt criminally punishable. *See W. La Fave and A. Scott, Jr., supra*, at 426; *Enker, Mens Rea and Criminal Attempt, 1977 American Bar Foundation Research Journal*, 845; Vol. 1 *Working Papers of the National Commission on Reform of Federal Criminal Laws* (1970) at 351–2 [hereinafter cited as *Working Papers]; Model Penal Code*, § 5.01, Comment (Tent. Draft No. 10 1960) at 24.

The original formulation of criminal attempt in the Colorado Criminal Code was patterned after proposed federal legislation. *See Study Draft of a New Federal Criminal Code* (1970) at 61. In explaining the requisite intent for commission of the crime of attempt as defined in that proposed legislation, the National Commission on Reform of Federal Criminal Laws said: "Implicit in the notion of attempt is the requirement that whatever the person is doing is being done with the purpose of committing a crime." Vol. 1, *Working Papers* at 354. However, ". . . [E]xcept for the intentional conduct constituting the substantial step, the requisite culpability is that provided for in the definition of the offense." *Id.* The Colorado criminal attempt statute, like the proposed federal legislation on attempt, specifically makes reference to the underlying offense to prescribe the culpable mental state with which the planned acts are to be performed, by using the phrase "acting with the kind of culpability otherwise required for commission of an offense." Section 18–2–101(1), C.R.S.1973 (1978 Repl. Vol. 8).[5]

The conclusion that as first enacted our present criminal attempt statute required an intent to commit the underlying offense is reinforced by the definition of "intentionally," the word originally used to describe the mental state with which the substantial step must be taken. *See* Colo. Sess.Laws 1971, ch. 121, 40–2–101 at 414. Colo.Sess.Laws 1971, ch. 121, 40–1–601(6) at 403 defines the word "intentionally":

" 'Intentionally'. A person acts intentionally with respect to a result or to *conduct* described by a statute defining an offense when his conscious object is to cause that result or to engage in that

5. This form of description of the culpable mental state for criminal attempt enables a distinction to be made between the required culpable mental state with respect to consequences or results of the actor's conduct and with respect to external circumstances which make the actor's conduct criminal. Although no external circumstances are among the elements of first-degree sexual assault, the following explanation of the distinction may be helpful as background for the questions addressed in this opinion:

"The literature on the mens rea of attempt also proposes that the requirement that the actor intend to commit the actus reus of the substantive crime be limited to the consequences or results of his conduct, whereas with respect to the external circumstances, whose existence render the actor's conduct criminal, a lesser mens rea, such as recklessness and perhaps even negligence and absolute liability, should suffice for attempt when such lesser mens rea as to the circumstances would suffice for guilt of the completed crime.

For example, assume the defendant has attempted to abduct a young child from its parents' custody, aware of the possibility that the child's age may be such that his conduct is criminal, though not knowing this to be so in fact. Assume further that the mens rea required by the statute with respect to the circumstance of the child's age is recklessness. Had the defendant succeeded in abducting the child, he would have been guilty of the substantive crime even though he was only reckless as to the circumstance. Having failed in his attempt to abduct the child, he should be guilty of attempted abduction. His conduct was intentional with respect to the forbidden consequences, namely, the abduction of the child. Recklessness as to the circumstance of the child's age should suffice for the attempt as it does for the complete crime."
*Enker, supra*, at 866; *see* Vol. 1 *Working Papers* at 355; *Model Penal Code* § 5.01, Comment (Tent. Draft No. 10, 1960) at 29.

*conduct* or when his actions are such as to give rise to a substantial certainty that such results will be produced." (Emphasis added.)

The "conduct" in question here is "conduct constituting a substantial step toward the commission of the offense." Colo.Sess. Laws 1971, ch. 121, 40–2–101 at 414. The definition of "substantial step" requires conduct "strongly corroborative of the firmness of the actor's intent [now, purpose] to complete the commission of the offense." *Id.* Thus, the actor's conscious object must be to engage in conduct reflecting a commitment to the completion of the underlying offense. It follows that as originally drafted the criminal attempt statute contemplated that the intent with which the act constituting the substantial step must be done is the intent to commit the underlying offense. Next, we must consider whether amendment of the statute in 1977 changed that result.

■ From the statutory language alone, it could be argued that the deletion of "intentionally" from the criminal attempt statute in 1977 indicates that the legislature wished to eliminate the requirement that any type of intent accompany the substantial step. Our reference to the legislative history, however, convinces us otherwise. The 1977 amendment was part of a general revision of the Colorado Criminal Code which had as a principal object the deletion of "intentionally" as a description of the mental state associated with the acts making up many crimes, *see* Colo.Sess.Laws 1977, ch. 224, at pp. 959 *et seq.*, and, usually, the substitution of "knowingly," which is defined to express general intent. Section 18–1–501(6), C.R.S.1973 (1978 Repl. Vol. 8). Offenses whose mental culpability requirement continued to be expressed as "intentionally" or "with intent" were declared to be specific intent crimes. Section 18–1–501(5), C.R.S.1973 (1978 Repl. Vol. 8).

■ One purpose of the general revision was to change certain crimes from specific intent crimes to general intent crimes so that intoxication could not be used to negate the existence of the intent which is an element of the crime charged. *See* section 18–1–804(1), C.R.S.1973 (1978 Repl. Vol. 8), which permits a defendant to offer evidence of his intoxication "when it is relevant to negative the existence of a specific intent if such intent is an element of the crime charged." *See* the hearings with respect to the Colorado Criminal Code revisions in 1977, H.B. 1654, Colo.Sess.Laws 1977, ch. 224, taped recordings of which are maintained at the State Archives. We are persuaded that the legislature amended the criminal attempt statute for such a purpose but did not intend thereby to depart from the tradition of the criminal law in Colorado and elsewhere that an essential element of criminal attempt is the intent "to do an act or to bring about certain consequences which would in law amount to a crime." *See W. La Fave and A. Scott, Jr., supra,* § 59. Supporting that thesis is the fact that, as part of the same 1977 statutory revision, in describing the "substantial step," "intent" was changed to "purpose," a word of like purport but without the specific intent definitional consequences which section 18–1–501, C.R.S.1973 (1978 Repl. Vol. 8), attaches to the term "with intent." Moreover, the attempt statute continues to require that a substantial step be "strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." This expresses the legislative intent that the actor's firm purpose to complete the commission of the offense continues to be an essential element of the crime of attempt. Our view of the legislative intent is still further reinforced by subsection (3) of section 18–2–101, C.R.S.1973 (1978 Repl. Vol. 8) which requires that the abandonment of a criminal attempt, in order to constitute an affirmative defense, take place "under circumstances manifesting the complete and voluntary renunciation of [the actor's] criminal intent." The definition of abandonment again indicates that the existence of an intent to commit the underlying crime remains an essential element of criminal attempt.

■ The legislative history and the policy underlying the criminal attempt statute

lead us to the conclusion that the legislative intent in amending that statute in 1977 was to preclude a defendant from utilizing intoxication as a defense to his ability to form the intent required for criminal attempt and was not to alter the requirement that the act constituting the substantial step be done with the intent to commit the underlying offense.[6]

 We find additional support for construction of the criminal attempt statute to require that an intent to commit the underlying crime must accompany the substantial step, notwithstanding the absence of express legislative prescription of that intent, in section 18–1–503(2), C.R.S.1973 (1978 Repl. Vol. 8), which provides:

"(2) Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such a culpable mental state."

Based upon the foregoing discussion, we conclude that the word "purpose" as used in the criminal attempt statute is the equivalent of the common meaning of the word "intent," and that the intent to commit the underlying offense is an essential element of criminal attempt. More precisely, in order to be guilty of criminal attempt, the actor must act with the kind of culpability otherwise required for commission of the underlying offense and must engage in the conduct which constitutes the substantial step with the further intent to perform acts which, if completed, would constitute the underlying offense. We so construe the statute.

## II.

We next consider the defendant's contention that the jury instructions given by the court were not adequate to advise them of the culpable mental state for criminal at-

tempt or of the culpable mental state for the underlying offense of first-degree sexual assault.

## A.

 We have concluded that an actor must intend to commit the underlying offense as an essential element of criminal attempt. We further conclude that the jury was adequately advised of this requirement.

Instruction No. 3 sets out the elements of the offense, which included "Engaging in conduct constituting a substantial step toward the commission of Sexual Assault in the First Degree." "Substantial step" is then defined in Instruction No. 5 as follows:

" 'Substantial step' means any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense."

The jury necessarily was required to find that the defendant had a purpose to complete the commission of sexual assault in the first degree before it could find that he had engaged in conduct strongly corroborative of that purpose. As noted earlier, "purpose" is the equivalent of the common meaning of "intent." Instruction No. 1 requires that all the instructions be considered together "as they are connected with and related to each other as a whole." Although not model instructions, we conclude that they were adequate to inform the jury of the essential elements of criminal attempt.

## B.

Because Instruction No. 4, describing the elements of first-degree sexual assault, contains no culpable mental state element, the defendant argues that the jury was not adequately advised of the elements of that underlying offense. We do not agree.

 Instruction No. 3, in setting forth the elements of criminal attempt, includes the requirement that the defendant:

---

**6.** Whether the General Assembly was successful in the effort to eliminate the intoxication defense we need not decide here.

"[Have] the required culpability of acting knowingly, which is necessary in order to be convicted of Sexual Assault in the First Degree."

"Knowingly" is defined in Instruction No. 7. The defendant did not object to the adequacy of the instructions with respect to the culpable mental state required for the underlying crime of first-degree sexual assault when an opportunity for such objection was given before the jury was instructed; his only objection then was that they were inadequate to advise the jury that criminal attempt requires an intent to commit the underlying offense. The defendant did not raise the issue in his motion for new trial. Therefore, reversal on this ground is not appropriate unless plain error occurred. Crim.P. 52, 30; *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972). We conclude that, considering the instructions together, the jury was adequately advised that the culpable mental state for first-degree sexual assault is "knowingly." Although the instructions could have been better organized to express this requirement more clearly, this shortcoming is not plain error and thus is not a ground for reversal.

### III.

The defendant next claims that even if the attempt statute does not require that the act constituting a substantial step be performed "intentionally" the trial court was obligated to instruct the jury that the defendant must have "intentionally engaged in conduct constituting a substantial step toward the commission" of first-degree sexual assault, because the information charged the offense in that language. The defendant's argument is born of the assumption that the instructions given to the jury did not require that they find any culpable mental state as an element of the offense of criminal attempt. As explained in Part II of this opinion, that assumption is incorrect, for the jury was instructed that the defendant must have had a purpose to commit the underlying offense and that the substantial step must be strongly corroborative of that purpose. That instruction was the substantial equivalent of an instruction that the culpable mental state of intent to commit the underlying offense must accompany and be part of the substantial step. Therefore, we need not consider whether the inclusion of the word "intentionally" in the information would have required the People to establish that element even if the statutorily defined offense did not include it.

The defendant's judgment of conviction is affirmed.