The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

**John Leago THOMAS, Jr.,**
Defendant-Appellant.

**No. 82CA1385.**

Colorado Court of Appeals,
Div. I.

Nov. 1, 1984.

Rehearings Denied Nov. 29, 1984.

Certiorari Denied (Thomas) March 11, 1985.

Certiorari Granted (People) March 11, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Frye & Sawaya, P.C., John R. Frye, Jr., Richard B. Rose, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant appeals from a conviction by a jury of assault in the first degree, and of attempted reckless manslaughter. We affirm in part and reverse in part.

Upon being told by a former girl friend that one Herbert Lee had raped her, defendant attempted to detain Lee at gunpoint. In the ensuing chase and scuffle, defendant fired three shots, two of which struck Lee. Defendant testified that he intentionally fired the first shot as a warning, that the second shot was fired accidentally, and that he intentionally fired a third shot in the air hoping to prevent Lee from escaping. The jury returned verdicts of guilty to the offenses of attempted reckless manslaughter and assault in the first degree.

## I.

■ Relying on *People v. Hernandez*, 44 Colo.App. 161, 614 P.2d 900 (1980), defendant argues that the offense of "attempted reckless manslaughter" is not a legally cognizable offense in Colorado. We agree.

The holding of *Hernandez* is that conviction of "attempted criminally negligent homicide" would require "[p]roof that the defendant intended to perpetrate an unintentional killing—a logical impossibility." An analogous situation is presented here.

■ Under § 18–3–104(1)(a), C.R.S. (1978 Repl.Vol. 8), manslaughter is defined in terms of a specified harmful result: recklessly caused death. Recklessness describes the requisite mental culpability and is also defined in terms of result:

"A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists." Section 18–1–501(8), C.R.S. (1978 Repl.Vol. 8).

Conscious disregard, as used in this definition, is not equivalent to a conscious intent to cause death. If we were to equate "conscious disregard" to consciously directed action, *i.e.*, intent, we would be designating the offense of manslaughter as an intentional crime, which is a legal impossibility. Recklessness is thus a mental culpability which is incompatible with the concept of an intentional act. *See People v. Hernandez, supra*. *Cf. People v. Castro*, 657 P.2d 932 (Colo.1983). Therefore, attempted reckless manslaughter is not a legally cognizable offense. Accordingly, defendant's conviction by a jury of attempted reckless manslaughter may not stand. *Cf. People v. Waits*, 695 P.2d 1176 (Colo.App.1984).

## II.

■ Defendant also claims that the victim's prior conviction of misdemeanor assault and battery was admissible in response to evidence indicative of the victim's peaceful nature and to impeach on cross-examination. We disagree. The trial court properly permitted questions and testimony as to the incident underlying the misdemeanor conviction, but excluded evidence of the conviction itself.

We distinguish the situation here from that in *People v. Jones*, 675 P.2d 9 (Colo. 1984), where the trial court erred in prohibiting cross-examination with regard to pending misdemeanor charges, and a recent menacing conviction. In *Jones*, the evidence was calculated to expose the existence of, and the reason for, the witness' purported partiality towards the prosecution. Here, however, defendant does not argue that the admissibility of the prior conduct was necessary to show motive, bias, or prejudice on the part of the victim. Rather, he contends it was admissible as a response to evidence of the victim's peacefulness. Therefore, CRE 405(b) governs, and exclusion of evidence of the conviction itself was proper.

Defendant's other evidentiary issues were either not raised in the trial court or lack merit.

### III.

Finally, defendant argues the court's failure to instruct the jury as to what effect, if any, defendant's mistaken belief of fact might have upon his guilt erroneously denied him the right to advise the jury concerning his theory of the case. We disagree.

In believing he properly used physical force in making an arrest or preventing an escape, defendant was not acting under a mistaken belief of fact, rather he was acting under a mistaken belief of law. Therefore, his tendered jury instructions concerning mistake of fact are inappropriate and were thus properly excluded.

The judgment is affirmed as to the conviction of first degree assault, and is reversed as to the conviction of attempted reckless manslaughter.

STERNBERG and BABCOCK, JJ., concur.