## No. 24866.

THE PEOPLE OF THE STATE OF COLORADO *v.*
JIMMY BILLY SANCHEZ.
(476 P.2d 980)

Decided November 23, 1970.

JAMES D. MCKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JARVIS W. SECCOMBE, Chief Deputy, THOMAS P. CASEY, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal from an order of the Denver District Court granting defendant-appellee's pre-trial motion to suppress evidence.

Defendant was charged with the felony of causing an injury while driving under the influence of intoxicating

liquor contrary to the provisions of C.R.S. 1963, 40-2-11. In connection with the investigation of the case, while the defendant was in custody of the police, he was advised of his rights under the Colorado implied consent law, 1967 Perm. Supp., C.R.S. 1963, 13-5-30(3)(a),(b),(c). A written advisement form entitled "Advisement Pursuant to Implied Consent Law of the State of Colorado" was read to him and he acknowledged receiving a copy of the advisement. Thereupon, defendant consented in writing to undergo a breathalyzer test to determine the ethyl alcohol content of his breath. The result of the test showed the alcoholic content of his breath to be equivalent to a blood alcohol content of .25% by weight, thus raising a presumption that defendant was under the influence of intoxicating liquor. C.R.S. 1963, 13-5-30(2)(d).

Defendant's motion to suppress alleged as grounds that his constitutional rights were prejudiced because he was led to believe, both orally and in writing, that he was arrested and held under a charge of driving under the influence of intoxicating liquor, a misdemeanor, whereas he was not advised that he would be charged with causing an injury while driving under the influence of intoxicating liquor, a felony. The trial court sustained defendant's motion, concluding that the advisement concerning the breathalyzer test administered to defendant was not a full warning or advisement and therefore defendant's consent was not based upon an intelligent waiver of his Fourth Amendment rights to be free of an unlawful search of or intrusion upon his person. We disagree with the trial court's resolution of this problem and therefore reverse.

In the hearing of the motion to suppress, no evidence was taken and the factual matters were resolved by stipulation. It was agreed the defendant was under arrest; that he consented to the breathalyzer test; that his consent was a limited consent pursuant to the implied consent statute; and that but for the limited consent no breathalyzer test would have been given defendant. The

exhibits indicate that the defendant was given the advisement at 12:45 a.m. on the morning of December 22, 1969, and the written consent to the test indicates that defendant gave consent and the breathalyzer test was administered at 1 a.m. of the same morning.

We hold that the determination of this case is controlled by *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. *Schmerber* concerned the taking of a blood sample without consent. In *Schmerber* the defendant, who was charged with driving under the influence of intoxicating liquor, was arrested as a result of an automobile accident. While at a hospital receiving treatment for his injuries, over his objection a sample of blood was taken for chemical analysis to determine its alcoholic content. It was contended, among other things, that the Fourth Amendment protection against unreasonable searches of his person rendered the results of the blood alcohol test incompetent. The United States Supreme Court held otherwise. It was recognized that the taking of blood is an intrusion of the person and constitutes a search within the meaning of the Fourth Amendment. However, the Court observed:

"* * * [T]he Fourth Amendment's proper function is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner. In other words, the questions we must decide in this case are whether the police were justified in requiring petitioner to submit to the blood test, and whether the means and procedures employed in taking his blood respected relevant Fourth Amendment standards of reasonableness." *Schmerber, supra.*

The Court observed that search warrants are ordinarily required where intrusions into the human body are concerned, absent an emergency. However, it recognized that where under the circumstances there is a threat of destruction of evidence it may be appropriate as an incident of the arrest to secure evidence of the blood alcohol

content before it is eliminated in the natural course of bodily functions, and under such circumstances it is not necessary to obtain a search warrant.

We apply the same reasoning here to the breathalyzer test situation. Necessity under the circumstances required an immediate test to prevent destruction of the evidence (which was implicit in the circumstances); and a warrant was not required; nor was consent of the defendant necessary.

There is no question raised concerning the reasonableness of the method or procedures employed in administering the breathalyzer test.

We conclude, that consent of the defendant was not constitutionally required under the Fourth Amendment to the United States Constitution in order to administer the breathalyzer test under the circumstances of this case.

We observe here that the implied consent law applies only to the misdemeanor offense of driving under the influence of intoxicating liquor as defined in C.R.S. 1963, 13-5-30. This is so by reason of the qualifying language contained in the statute, which provides:

"Any person who drives any motor vehicle upon a public highway in this state shall be deemed to have given his consent to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood, *if charged with driving a motor vehicle while under the influence of intoxicating liquor. * * *"* (Emphasis added.) 1967 Perm. Supp., C.R.S. 1963, 13-5-30 (3) (a).

The qualifying language is contrasted with that contained in the California implied consent statute, which provides:

"Any person who drives a motor vehicle upon a highway shall be deemed to have given his consent to a chemical test of his blood, breath or urine for the purpose of determining the alcoholic content of his blood *if lawfully arrested for any offense allegedly committed under the influence of intoxicating liquor. * * *"* (Emphasis added.)

Vehicle Code section 13353 (enacted Stats. 1966, 1st Ex. Sess., c. 138, p. 634, § 1).

Under the Colorado implied consent statute, the legislature has granted to the driver the right to refuse to take the chemical test, which refusal must be honored by the arresting officer. Such right of refusal, of course, is subject to the sanction of suspension of one's operator's license.

 Inasmuch as the statute does not extend to felonies, such as defendant is here charged with, he could not claim any statutory right to refuse to take the breathalyzer test that was here administered. Since consent is neither statutorily nor constitutionally required, it is immaterial whether the defendant was inadequately advised or whether his consent was uninformed.

The ruling is reversed.

Mr. Justice Kelley not participating.