No 28494

## The People of the State of Colorado v. James Lewis Myers

(599 P.2d 891)

Decided August 27, 1979.

---

296

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Linda Palmieri Rigsby, Assistant Attorney General, Appellate Section, Sara Scott Sammons, Assistant, Appellate Section, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Paula K. Miller, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Defendant appeals his convictions of vehicular homicide, section 18-3-106, C.R.S. 1973 (1978 Repl. Vol. 8), and vehicular assault, section 18-

3-205(1), C.R.S. 1973 (1975 Supp.). We affirm.

Trial was to a jury. The evidence presented showed that in the early morning hours of February 22, 1976, defendant drove his pickup truck into the on-coming traffic lane, striking a Volvo automobile head-on. Expert testimony established defendant's speed at approximately sixty-five miles per hour prior to impact. The expert further testified that the force of the collision pushed the Volvo backwards approximately thirty feet. Defendant was given a blood alcohol test which registered at a level of .237. The prosecution's toxicologist testified that at this blood alcohol level the defendant's ability to drive would be severely curtailed.

The passenger in the automobile was killed and the driver was hospitalized for over one month for treatment of a broken left femur and facial lacerations. Three months after the accident, the driver was still undergoing treatment for the broken leg and various scars. He also suffered temporary amnesia, which the treating physician testified was consistent with a mild cerebral concussion.

## I.

Defendant contends that he was denied equal protection of the law as guaranteed by the United States Constitution. In support thereof, he argues that when a person is charged with vehicular homicide or vehicular assault he has no right to refuse a blood test for purposes of determining the alcohol level in his blood. In contrast, defendant points out that one charged with driving under the influence of intoxicating liquor, in violation of section 42-4-1202(1)(a), C.R.S. 1973, can refuse to submit to any blood alcohol determining test. Section 42-4-1202(3)(c), C.R.S. 1973. Defendant contends, therefore, that he should have been afforded the right to refuse to take a blood test in accordance with the equal protection guarantee. We find defendant's contention meritless.

A violation of equal protection initially requires that unreasonably disparate treatment be statutorily accorded similarly situated individuals. *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). Defendant, therefore, must establish that he, being charged with the felonies of vehicular homicide and vehicular assault, is similarly situated with a person charged with the misdemeanor of driving under the influence. Because, however, the offense of driving under the influence is substantially dissimilar to the offenses of vehicular homicide or vehicular assault, defendant's equal protection argument is fatally flawed.

An essential element of felonious vehicular homicide is the death of another, and an essential element of felonious vehicular assault is the serious bodily injury of another. Neither of these elements is necessary for a conviction of driving while under the influence, a misdemeanor. The offenses, therefore, do not proscribe the same conduct and one convicted of these felonies is not similarly situated with one convicted of driving while under the influence, a misdemeanor. *See People v. Smith,* 182 Colo. 228,

512 P.2d 269 (1973).

Furthermore, we cannot say that the legislature's decision to permit one charged with the less grievous offense of driving under the influence to refuse a blood test while not likewise permitting one charged with felonious vehicular homicide or felonious vehicular assault to refuse the test is arbitrary or unreasonable. The legislature has a legitimate interest in discouraging acts which it deems to have greater deleterious social consequences. *People v. Brake,* 196 Colo. 575, 588 P.2d 869 (1979). It need not, therefore, extend the legislative grace of a right to refuse a blood test, a test which is constitutionally permissible, *Schmerber v. California,* 384 U.S. 757, 86 S. Ct. 1826, 16 L.Ed.2d 908 (1966); *People v. Sanchez,* 173 Colo. 188, 476 P.2d 980 (1970), to those charged with vehicular homicide or vehicular assault.

## II.

Defendant contends that the trial court erred in denying his motion for judgment of acquittal on the charge of vehicular assault because there was insufficient evidence to establish the necessary element of the offense — that the victim sustained serious bodily injury. We disagree.

Serious bodily injury is defined in section 18-1-901(3)(p), C.R.S. 1973 (1978 Repl. Vol. 8):

"'Serious bodily injury' means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or *protracted loss or impairment of the function of any part or organ of the body.*" (Emphasis added.)

Following the accident, the driver of the automobile was hospitalized for over one month for a broken left femur and facial lacerations. Three months after the accident, he was still undergoing treatment for the broken left femur and scarring. Therefore, viewed in the light most favorable to the prosecution, sufficient evidence was presented to establish that the victim in this case suffered a "protracted loss or impairment of the function of any part or organ of the body."

Judgment affirmed.

JUSTICE CARRIGAN does not participate.