**ARKANSAS STATE HIGHWAY EMPLOYEES LOCAL 1315 et al., Appellants,**

v.

**George KELL et al., Appellees.**

**No. 79–1541.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1980.

Decided Aug. 26, 1980.

John T. Lavey, Little Rock, Ark., for appellants.

Bill S. Clark, Friday, Eldredge & Clark, filing brief, co-counsel appearing on brief, is Thomas B. Keys, Arkansas State Highway Commission, Little Rock, Ark., for appellees.

Before STEPHENSON and McMILLI-AN, Circuit Judges, and SCHATZ,* District Judge.

SCHATZ, District Judge.

Appellants, the Arkansas Highway Employees Local 1315 and several members of that union, brought this action under 42 U.S.C. § 1983 alleging that appellees, the director of the Arkansas State Highway Department and the commissioners of the

---

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

Arkansas State Highway Commission, had discriminatorily discontinued their practice of deducting union dues from the wages of union members in violation of the First and Fourteenth Amendments of the Constitution. The district court[1] granted appellees' motion for summary judgment and dismissed appellants' complaint. Appellants appeal on the grounds, first, that summary judgment was inappropriate because there existed a genuine issue as to material facts and, second, that as a matter of law, the trial court erred in concluding that the highway department could constitutionally discontinue the practice of withholding union dues from the wages of union members. We affirm the judgment of the district court.

The undisputed facts are these. Pursuant to Arkansas Statutes Annotated, Section 13–349(B) (Replacement 1979), deductions from the payrolls of state employees are permitted for a number of purposes, including the payment of union dues when requested in writing by the employee. From May 15, 1972, until October 31, 1973, the state highway department made payroll deductions for the payment of union dues for those employees who had so requested in writing. On October 31, 1973, the highway department ceased its practice of withholding union dues but continued to make other payroll deductions. By "Minute Order" of the same date, the highway department announced the following:

WHEREAS, the collection of union dues for the benefit of the union through payroll deductions from the salaries of Arkansas State Highway Department employees who are members of a union constitutes an added clerical and office expense, no portion of which is borne by the union; and

WHEREAS, it is desirable to reduce and eliminate this clerical and office expense, an administrative cost to the Department of no benefit to the taxpayers of the State or to the Arkansas Highway

Commission's program of constructing and maintaining highways, and which is discriminatory against the great majority of the employees of the Department who do not desire to belong to the union, in that a benefit is conferred on a minority group;

NOW, THEREFORE, IT IS ORDERED that the Director provide notice to all Highway Department employees who are members of a union that after the 31st day of October, 1973, the payment of union dues by payroll deduction shall no longer be permitted and that union dues must be paid directly to the union.

Appellants contend that a genuine issue as to material facts remains in regard to the motive of appellees for discontinuing the practice of deducting union dues and in regard to the effect of that termination on the First Amendment rights of union members. To show the highway department's antiunion bias, appellants point to the October 31, 1973, Minute Order itself, a May 30, 1973, memorandum from the director of highways prohibiting the discussion of union-related matters except during lunch break, and an August 7, 1973, memorandum from the director suggesting that employees form their own organization rather than pay dues to Local 1315. Appellants also offered evidence that the cost of withholding union dues was minimal, and that the highway department made deductions for some items not enumerated in Arkansas Statutes Annotated, Section 13–349(B) (Replacement 1979). To show the adverse effect of the refusal to deduct union dues on the First Amendment rights of union members, testimony was presented to the district court that when union dues are not withheld from wages, union members are less likely to pay their dues, and thus the effectiveness of the union is impaired.

■ As stated in *Butler v. MFA Life Insurance Company,* 591 F.2d 448, 451 (8th Cir. 1979), when reviewing a trial court's

1. The Honorable Elsijane T. Roy, District Judge, United States District Court for the Eastern District of Arkansas.

entry of summary judgment, an appellate court applies the same standard as the trial court. As often repeated, this circuit has

emphasized the drastic nature of the summary judgment remedy. It should not be granted unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy and the non-moving party is not entitled to recover under any discernible circumstances. . . . The moving party must overcome a heavy burden and the evidence is viewed in the light most favorable to the non-moving party. The Court must give the non-moving party the benefit of all reasonable inferences to be drawn from the facts. . . . However, this Circuit recognizes the remedy's salutory purpose of avoiding useless and time consuming trials. (Citations omitted.)

*Butler, supra*, 591 F.2d at 451.

Granting to the union the benefit of all favorable inferences that could reasonably be drawn from the evidence proffered, the district court nevertheless concluded that even a retaliatory termination of the deduction of union dues would not infringe appellees' First Amendment rights, nor would it constitute an unpermitted discrimination in violation of the equal protection clause, nor would it deny the appellants due process of law. The issue before this Court, therefore, is whether under the standard annunciated above the district court was correct in ruling that the Constitution does not prohibit the highway department from refusing to continue withholding union dues.

### FIRST AMENDMENT

Appellants argue that when union dues are not withheld from wages, union members are less likely to pay their dues and the union is impaired to that extent in representing its members. This, appellants contend, constitutes a violation of the employees' First Amendment right of freedom of association.

The Supreme Court's most recent pronouncement in this area is in *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 99 S.Ct. 1826, 60 L.Ed.2d 360 (1979). In that case, Local 1315 challenged the highway commission's refusal to consider employee grievances when filed by the union, alleging that such a practice violated the First Amendment. The Supreme Court assumed that such a practice would tend to impair the effectiveness of the union in representing its members, but held that this type of "impairment" is not one that the Constitution prohibits. *Smith, supra*, 441 U.S. at 465–66, 99 S.Ct. at 1828–1829. Acknowledging the well-established proposition that the First Amendment protects both the right of an individual to associate with others and the right of an association to engage in advocacy on behalf of its members, the Court was just as emphatic in concluding that the First Amendment does not "impose any affirmative obligation on the government to listen, to respond, or in this context, to recognize the association and bargain with it." *Smith, supra*, 441 U.S. at 465, 99 S.Ct. at 1828.

From the above it is clear that while a public employer may not constitutionally prohibit its employees from joining together in a union, or from persuading others to do so, or from advocating any particular ideas, the First Amendment does not impose any duty on a public employer to affirmatively assist, or even to recognize a union. The subject matter of the cause before us is the failure of the highway department to continue withholding dues from the wages of union members. Although such action may impair the effectiveness of the union, this type of impairment, like that in *Smith*, is not one that the First Amendment prohibits. *See also, Local 995, International Association of Firefighters v. City of Richmond*, 415 F.Supp. 325, 326 (E.D.Va.1976).

### EQUAL PROTECTION

Since the highway department has continued to withhold items other than union dues, appellants contend that the department's refusal to continue withholding union dues constitutes discriminatory conduct in violation of the Equal Protection Clause. As they must, appellants concede that the highway department could have terminated the practice of withholding dues if such action was rationally related to the further-

ance of any legitimate state goals. *See, City of Charlotte v. Local 660, International Association of Firefighters,* 426 U.S. 283, 96 S.Ct. 2036, 48 L.Ed.2d 636 (1976). In *City of Charlotte,* which also involved the refusal to withhold union dues, the Supreme Court ruled that the practice of allowing withholding only when it benefits all employees is not so devoid of reason as to violate the Equal Protection Clause and is a legitimate method for avoiding the burden of withholding money for all persons or organizations that request a checkoff.

Appellants seek to distinguish the instant case from *City of Charlotte* by alleging that here the appellees refused to continue withholding dues for the purpose of impairing the union. Noting that in *City of Charlotte* the city had maintained that it would be unduly burdensome and expensive for it to withhold money for every organization or person that requested it, the appellants maintain that in the present case any cost justification is pretextual since Arkansas Statutes Annotated, Section 13–349(B) (Replacement 1979) specifically defines and limits the categories for which deductions may be made.

■ As made clear in *City of Charlotte,* conduct such as that challenged here "must meet only a relatively relaxed standard of reasonableness in order to survive constitutional scrutiny." *City of Charlotte, supra,* 426 U.S. at 286, 96 S.Ct. at 2038. In an equal protection case of this type, "those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker." *Vance v. Bradley,* 440 U.S. 93, 111, 99 S.Ct. 939, 950, 59 L.Ed.2d 171 (1979) (on cross-motions for summary judgment). The apparent basis for the classification made in the present case, as suggested in the Minute Order of October 31, 1973, was the highway commission's belief that the withholding of union dues constituted "an added clerical and office expense" which did not benefit the taxpayers of the state, the highway commission's program of constructing and maintaining highways, nor those employees who did not desire to belong to the union.

Appellants offer to show that the costs saved by discontinuing the deduction of union dues would be small, but the highway department appears to have determined that the benefits to be gained from the deduction of union dues would be even smaller and would not extend to all employees. Although Arkansas Statutes Annotated, Section 13–349(B) (Replacement 1979) may limit the burden of withholding money for all persons or organizations that request the checkoff, that statute has been construed to be permissive only and not mandatory, *Arkansas State Highway Employees Local 1315 v. Smith,* 257 Ark. 174, 515 S.W.2d 208 (1974). Accordingly, further limitations other than those created by the statute could be adopted by the highway department. The highway department's decision in this instance to treat the union, as a special interest group, differently from programs of general interest in which all employees can, without more, participate, does not appear "so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." *Vance v. Bradley, supra,* 440 U.S. at 97, 99 S.Ct. at 943. As expressed by the Court in *City of Charlotte* :

> We cannot say that denying withholding to associational or special interest groups that claim only some departmental employees as members and that employees must first join before being eligible to participate in the checkoff marks an arbitrary line so devoid of reason as to violate the Equal Protection Clause. Rather, this division seems a reasonable method for providing the benefit of withholding to employees in their status as employees, while limiting the number of instances of withholding and the financial and administrative burdens attendant thereon. *City of Charlotte, supra,* 426 U.S. at 288, 96 S.Ct. at 2039.

Given the permissibility of imposing reasonable limitations, we conclude that appellants have not satisfied their burden to demonstrate that appellees had no reasonable basis for believing that the burden of withholding union dues outweighed any possible benefits to be derived therefrom by

**1104**

the highway department or its employees as a whole. Consequently, the claim of appellants under the Equal Protection Clause must also fail.

## DUE PROCESS

Appellants do not appear to seriously challenge the district court's ruling that no property right subject to due process was acquired by appellants in the withholding of union dues. As already mentioned, the statute permitting the deduction of union dues, Arkansas Statutes Annotated, Section 13–349(B) (Replacement 1979), has been construed to be permissive rather than mandatory, and appellants do not allege any facts which would otherwise create a reasonable expectancy in the continued deduction of union dues. Since the sufficiency of a claim of entitlement must be decided by reference to state law, *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), it follows that in the instant case no due process considerations are implicated.

For the above reasons, the judgment of the district court is correct in all respects and is affirmed.