The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Allan A. ACOSTA, Defendant–Appellant.

No. 79CA0704.

Colorado Court of Appeals,
Div. I.

Oct. 30, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Robert A. Breindel, Deputy State Public Defender, Denver, for defendant–appellant.

PIERCE, Judge.

Defendant appeals from judgments of conviction rendered by a jury on charges of vehicular homicide, vehicular assault, and assault in the third degree. We affirm.

On April 15, 1978, a truck driven by defendant crossed the center lane of Highway 16 and collided with an oncoming vehicle, killing the other driver and injuring passengers in both vehicles. Evidence adduced by the prosecution established that defendant had consumed approximately six beers in the hour preceding the accident. Defendant's passenger testified that defendant "screeched" to a stop before entering the highway, and other witnesses observed the truck weaving on the highway. Two witnesses at the scene of the accident smelled alcohol on defendant's breath.

Defendant was removed to a hospital where a sample of his blood was taken by a medical technologist in accordance with accepted medical procedures. Two days later, a toxicologist analyzed the blood sample

using the gas chromatograph method and obtained a result of .163 percent alcohol in defendant's blood.[1]

On appeal, defendant contends that the trial court erred in admitting the results of the blood test because the test was not conducted in accordance with the Colorado Department of Health regulations promulgated pursuant to the implied consent statute, § 42–4–1202, C.R.S.1973. He argues that the existence of identical blood alcohol presumptions in the implied consent and vehicular felony statutes requires this result. We disagree.

■ The consent provision of the implied consent statute applies only to misdemeanor offenses and not to the felonies charged in this case. *People v. Sanchez*, 173 Colo. 188, 476 P.2d 980 (1970); *see also People v. Myers*, Colo., 599 P.2d 891 (1979). The implied consent statute specifies that the chemical test shall comply with the State Board of Health requirements. The vehicular felony statutes contain no reference to health regulations. Therefore, regulations promulgated pursuant to the implied consent statute apply only to offenses charged under it and not to felonies charged under §§ 18–3–106 and 18–3–205, C.R.S.1973 (1978 Repl. Vol. 8). *See People v. Davis*, 187 Colo. 16, 528 P.2d 251 (1974); *People v. Tilley*, 184 Colo. 424, 520 P.2d 1046 (1974).

■ Here, the testimony of the toxicologist, regarding the alcoholic content of defendant's blood was competent and admissible. The evidence produced by defendant questioning the accuracy of the test conducted by the toxicologist impacted on the weight to be accorded that testimony by the jury rather than its admissibility. *Kallnbach v. People*, 125 Colo. 144, 242 P.2d 222 (1952).

Judgment affirmed.

ENOCH, C. J., and COYTE, J., concur.

---

1. Relative to prosecutions under the Implied Consent Act, there is a statutory presumption that this percentage of alcohol in defendant's blood would render him under the influence of alcohol. *See* § 42–4–1202(2)(c), C.R.S.1973; § 18–3–106(2), C.R.S.1973; § 18–3–205, C.R.S. 1973.