The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

NHAN DAO VAN, Defendant-Appellant.

No. 83SA350.

Supreme Court of Colorado,
En Banc.

April 23, 1984.

No appearance for plaintiff-appellee.

Jeffrey L. Hill, Englewood, for defendant-appellant.

ERICKSON, Chief Justice.

The defendant, Dao Nhan Van,[1] was convicted of vehicular homicide, section 18–3–106, C.R.S.1973 (1978 Repl.Vol. 8 & 1983 Cum.Supp.), and appeals his conviction. We affirm.

### I.

The record reveals the following pertinent facts. On July 29, 1982, at approximately 2:00 a.m., a vehicle driven by the defendant swerved off the side of the road, and struck a light pole. The victim, a passenger in defendant's vehicle, was killed as a result of the collision. At the time and place of the accident, the highway was straight, the weather was clear, and the road was dry.[2] An eye-witness to the accident testified that the defendant's vehicle struck the light pole traveling at an estimated speed of seventy to ninety miles per hour.

The collision injured the defendant, and rendered him unconscious. Paramedics arrived and immediately transported the defendant to Swedish Medical Center for medical treatment. At Swedish Medical Center samples of blood were taken from the defendant by a registered phlebotomist at 4:00 a.m. and 5:00 a.m. that same morning. A toxicologist's later gas chromatograph analysis of the blood revealed a blood alcohol content level of .2% for the sample drawn at 4:00 a.m. and .18% for the sample taken at 5:00 a.m.[3]

On August 9, 1982, the prosecution filed a felony information in Arapahoe County District Court charging the defendant with vehicular homicide, section 18–3–106, C.R.S.1973 (1978 Repl.Vol. 8 & 1983 Cum. Supp.). The jury found the defendant guilty. A defense motion for a new trial was denied.

### II.

#### A.

The defendant asserts that the trial court's refusal to submit the lesser included offense of criminally negligent homicide to the jury was reversible error. We disagree.

A lesser offense is included within a greater offense when the establishment of the essential elements of the greater offense necessarily establishes all the elements required to prove the lesser offense. *Daniels v. People*, 159 Colo. 190, 411 P.2d 316 (1966); section 18–1–408(5)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

When a jury could entertain a reasonable doubt of a defendant's guilt of a greater offense, and simultaneously be convinced beyond a reasonable doubt of the

---

**1.** The record reflects that although the information in this case charged "Nhan Dao Van" with the crime of vehicular homicide, the defendant is properly known as "Dao Nhan Van."

**2.** There was testimony at trial indicating that it began to rain shortly after the accident.

**3.** Section 18–3–106(2), C.R.S.1973 (1978 Repl. Vol. 8) provides:

"(2) In any prosecution for a violation of subsection (1) of this section, the amount of alcohol in the defendant's blood at the time of the commission of the alleged offense, or within a reasonable time thereafter, as shown by chemical analysis of the defendant's blood, urine, or breath, shall give rise to the following presumptions:

(a) If there was at such time 0.05 percent or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor.

(b) If there was at such time in excess of 0.05 percent but less than 0.10 percent by weight of alcohol in the defendant's blood, such fact may be considered with other competent evidence in determining whether or not the defendant was under the influence of alcohol.

(c) If there was at such time 0.10 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of alcohol."

defendant's guilt of a lesser included offense, the defendant is entitled to have the jury instructed on the lesser included offense. *Bowers v. People,* 617 P.2d 560 (Colo.1980). However, an instruction on a lesser included offense is not required unless there is evidence to support it. *People v. Lundy,* 188 Colo. 194, 533 P.2d 920 (1975); section 18–1–408(6), C.R.S.1973 (1978 Repl.Vol. 8).

The vehicular homicide statute, section 18–3–106(1), provides in pertinent part:

"(1)(a) If a person operates or drives a motor vehicle in a reckless manner, and such conduct is the proximate cause of the death of another, he commits vehicular homicide.

(b)(I) If a person operates or drives a motor vehicle *while under the influence of any drug or intoxicant* and such conduct is the proximate cause of the death of another, he commits vehicular homicide. *This is a strict liability crime.*

. . . .

(c) Vehicular homicide is a class 4 felony."

(Emphasis supplied.)

In contrast, the criminally negligent homicide statute, section 18–3–105, C.R.S. 1973 (1978 Repl.Vol. 8 & 1983 Cum.Supp.) states:

"Any person who causes the death of another person by conduct amounting to *criminal negligence* commits criminally negligent homicide which is a class 1 misdemeanor."

(Emphasis supplied.)

When the essential elements of vehicular homicide are compared to those of the crime of criminally negligent homicide, it becomes clear that criminally negligent homicide is not a lesser included offense in a charge brought under section 18–3–106(1)(b).[4]

A prosecution under section 18–3–106(1)(b) may be predicated on "proof that the proscribed conduct was performed voluntarily—*i.e.,* that such act must be the product of conscious mental activity involving effort or determination." *People v. Rostad,* 669 P.2d 126, 129 (Colo.1983).

Criminally negligent homicide is an unintentional killing caused by the actor's failure to perceive a substantial and unjustifiable risk that a certain result will occur. *People v. Hernandez,* 44 Colo.App. 161, 614 P.2d 900 (1980). Criminal negligence in the context of the criminally negligent homicide statute is a failure to perceive, through a gross deviation from the standard of reasonable care, a substantial and justifiable risk that death will result from certain conduct. *People v. Shaw,* 646 P.2d 375 (Colo.1982). Criminally negligent homicide cannot, therefore, be predicated upon a voluntary act alone.

Thus, the establishment of the essential elements of an offense under section 18–3–106(1)(b) does not necessarily establish all the elements required to prove criminally negligent homicide. Accordingly, defense counsel's criminally negligent homicide instruction was properly denied because criminally negligent homicide is not a lesser included offense in a charge based on section 18–3–106(1)(b).[5]

4. The *felony information charged the defendant* with vehicular homicide, section 18–3–106 (operating a vehicle while under the influence of alcohol and causing the death of another). There is no indication in the record that the prosecution's theory in this case was based, even in part, upon section 18–3–106(1)(a) which provides that "reckless" conduct on the part of a defendant may, under certain circumstances, give rise to a charge of vehicular homicide. The defendant concedes in his brief that the prosecution's theory in this case was based solely upon section 18–3–106(1)(b)(I) (operating a vehicle while under the influence of alcohol).

5. The defendant's argument is not supported by *People v. Bettis,* 43 Colo.App. 104, 602 P.2d 877 (1979). In that case, the Court of Appeals stated:

"*Where driving under the influence is not involved,* vehicular homicide requires proof of three elements: (1) That defendant operated a motor vehicle, (2) that this operation was performed in a reckless manner, and (3) that this conduct proximately caused the death of another person. Section 18–3–106(1)(a), C.R.S.1973 (1978 Repl.Vol. 8). *The lesser included offense of criminally negligent homicide,* § 18–3–105, C.R.S.1973 (1978 Repl.Vol. 8) is proven by showing: (1) That defendant acted in a criminally

## B.

The defendant also contends that the trial court erred in refusing to instruct the jury that the toxicologist's noncompliance with certain Colorado Department of Health regulations promulgated pursuant to the implied consent statute, section 42-4-1202, C.R.S.1973 (1983 Cum.Supp.), affected the weight to be accorded his testimony.[6] We, disagree.

While the implied consent statute specifies that the chemical test shall comply with the State Board of Health requirements, the vehicular felony statutes contain no reference to health regulations. *People v. Acosta*, 620 P.2d 55 (Colo.App. 1980). Regulations promulgated pursuant to the implied consent statute apply only to offenses charged under it and not to felonies charged under section 18-3-106. *People v. Acosta, supra; People v. Sanchez*, 173 Colo. 188, 476 P.2d 980 (1970). Evidence which relates to the accuracy of the chemical test conducted by a toxicologist affects the weight to be accorded the testimony rather than its admissibility. *Kallnbach v. People*, 125 Colo. 144, 242 P.2d 222 (1952).

The trial court determined that the instruction tendered by the defendant consisted of statements of law similar to those contained in other instructions. *Pletchas v. Von Poppenheim*, 148 Colo. 127, 365 P.2d 261 (Colo.1961). Defense counsel was also permitted to argue to the jury that the toxicologist's non-compliance with the Department of Health regulations may be considered in determining the weight to be given his testimony.

In our view, the trial court properly refused to give the tendered instruction.

negligent manner, and (2) that this conduct caused the death of another person."
43 Colo.App. at 105-06, 602 P.2d at 878 (emphasis supplied.)
It is clear, however, that the court's analysis was based solely upon a comparison of the criminally negligent homicide statute and section 18-3-106(1)*(a)*.

## C.

The defendant argues that the Colorado vehicular homicide statute is unconstitutional because it violates the state and federal constitutional guarantees of due process of law. We rejected the identical argument in *People v. Rostad*, 669 P.2d 126 (Colo.1983).

## D.

The trial court did not err in denying the defendant's pretrial motion to exclude as evidence certain photographs taken immediately after the collision depicting the victim's body inside the damaged vehicle.

"It is well-established that photographs may be used to graphically portray, among other things, the scene of the crime, the identification of the victim, the appearance and condition of the deceased, and the location, nature and extent of the wounds or injuries, all of which matters are relevant." *Young, Jr. v. People*, 175 Colo. 461, 475-76, 488 P.2d 567, 574 (1971). The relevance determination is a matter within the discretion of the trial court. *People v. Reynolds*, 194 Colo. 543, 575 P.2d 1286 (1978). The trial court has discretion to determine whether a photograph is unnecessarily gruesome or inflammatory. *Hinton v. People*, 169 Colo. 545, 458 P.2d 611 (1969), *cert. denied*, 397 U.S. 1047, 97 S.Ct. 1375, 25 L.Ed.2d 659 (1970). Unless an abuse of discretion is shown, the trial court's decision with respect to the admissibility of a photograph will not be disturbed on review. *People v. Jones*, 184 Colo. 96, 518 P.2d 819 (1974).

The trial court's admission of the photographs as evidence did not constitute an abuse of discretion in this case.

6. The toxicologist testified that he did not adhere to the Colorado Department of Health regulations with respect to the minimum percentage of the sample that must contain sodium fluoride.

### E.

The defendant argues that the trial court erred in sustaining the prosecution's objections to certain of defense counsel's hypothetical questions. We do not agree with the defendant's argument. The defendant's own expert said that he could not formulate an opinion from the facts included in the hypothetical questions.

 A hypothetical question need not include all facts shown by the evidence or pertinent to the ultimate issue, but it should be in such a form as not to mislead or confuse the jury. *United States v. Kiliyan*, 456 F.2d 555 (8th Cir.1972). It should include only such facts as are supported by the evidence, and only the basic facts need be assumed in the hypothesis. *Twin City Plaza, Inc. v. Central Surety & Insurance Corp.*, 409 F.2d 1195 (8th Cir.1969). The omission of material facts essential to the formation of a rational opinion is subject to objection. *Harris v. Smith*, 372 F.2d 806 (8th Cir.1967); *accord* C.R.E. 705 (eliminates the preliminary statement of all of the facts underlying an expert's opinion).[7]

 The form and admissibility of a hypothetical question is largely left to the discretion of the trial court. *Iconco v. Jensen Construction Co.*, 622 F.2d 1291 (8th Cir.1980); *Hadid v. Alexander*, 55 Md.App. 344, 462 A.2d 1216 (1983). Determination of the pertinency of the admitted facts rests in the discretion of the trial court and will not be reversed unless clearly erroneous. *Oglesby v. Conger*, 31 Colo.App. 504, 507 P.2d 883 (1972).

 Here, the expert witness had not examined the scene of the collision or the vehicle and had not obtained facts to support an expert opinion. In our view, the trial court correctly sustained the prosecution's objections to defense counsel's hypothetical questions because the questions did not contain the requisite basic facts which, in the opinion of the expert, were essential to his formulation of a rational and competent opinion.

### F.

Defendant contends that the trial court erred in refusing to sustain his objections to the testimony of two prosecution witnesses who stated on direct examination that the victim was "dead" at the scene of the accident. The argument is without merit.

C.R.E. 701 provides:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." [8]

 Here, two of the prosecution's witnesses testified at trial that they believed that the victim was "dead" at the scene of the accident. Lynn Kasch, an Englewood paramedic, testified on direct examination that he examined the victim soon after the collision and determined that the victim showed no "vital signs." Defense counsel objected to the testimony on the ground *that the paramedic had not been qualified* as an expert in the area and was therefore incompetent to render an opinion. The court overruled defense counsel's objection because, in its view, the witness was describing the victim's physical condition. In the court's view, the witness was simply "describing what he saw." We agree, and hold that the trial court did not abuse its discretion in permitting the lay witness to describe the victim's physical condition based upon his personal observations at the scene of the accident.

---

7. The Colorado Rules of Evidence became effective January 1, 1980. C.R.E. 705 is identical to Fed.R.E. 705 and signifies a significant liberalization of prior Colorado law.

8. The topics upon which courts have permitted lay witnesses to express an opinion are extremely varied. *See People v. Gallegos*, 644 P.2d 920 (Colo.1982) (giggling by a rape victim was nervous reaction); *Montgomery v. Tufford*, 165 Colo. 18, 437 P.2d 36 (1968) (value of personal property); *Jones v. Blegen*, 161 Colo. 149, 420 P.2d 404 (1966) (intoxication); *Sherry v. Jones*, 133 Colo. 160, 292 P.2d 746 (1956) (speed of vehicle).

Keith Wilkes, an investigator for the Arapahoe County Coroner's office, testified on direct examination that his examination of the victim immediately after the collision indicated that the victim was "dead." Defense counsel objected on the ground that his opinion was incompetent because a lay witness cannot express an opinion with respect to whether a party is "dead." The trial court overruled defense counsel's objection.

The record reveals that Wilkes was a former police officer and had training in advanced first aid. Wilkes, as an investigator for the coroner's office since January 1982, had rendered "pronouncements of death at the scene [of an accident]" in approximately 50 to 100 cases and it was not error to admit his testimony. *Denver v. Lyttle*, 106 Colo. 157, 103 P.2d 1 (1940) (whether a witness called to testify to any matter of opinion has such qualifications and knowledge as to make his testimony admissible is a preliminary question for the trial court, and its decision is conclusive unless clearly shown to be erroneous as a matter of law).

Accordingly, the defendant's judgment of conviction is affirmed.