**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Marion Anthony BROWN,
Defendant-Appellant.**

**No. 84CA0149.**

Colorado Court of Appeals,
Div. III.

Oct. 9, 1986.

Rehearing Denied Oct. 30, 1986.

Certiorari Denied (Brown) Jan. 20, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Eric Perryman, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Barbara S. Blackman, Chief Appellate Deputy Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Marion Anthony Brown appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree murder after deliberation and two counts of felony murder. He also appeals the concurrent life sentences for each conviction. We affirm in part and reverse in part.

The prosecution's evidence at trial established the following facts. Failure of the victim to report for work led to an investigation by authorities. Upon entering the victim's home, they found the victim's body, bound with duct tape and rope in a sleeping bag on the floor. An autopsy revealed that he had been bound by the wrists and beaten on the face, the cause of death being asphyxiation consistent with strangulation.

On March 7, the victim had withdrawn $8,000 from a certificate of deposit at one bank and had cashed a $3,000 check at another. The $8,000 was withdrawn as a check later endorsed to defendant. Both withdrawals were made at drive-in windows. Bank employees noticed that the victim was a passenger in a truck driven by a man they later identified as the defendant. When officials at both banks hesitated to complete the transactions, defendant told them that the victim had broken both legs and was unable to enter the bank.

Police obtained a warrant to search defendant's condominium. There they found keys to the victim's home, blood-stained gloves, a roll of duct tape, and a yellow legal pad containing handwritten notes.

The notes on the yellow pad seized from defendant purported to authorize a "friend" to withdraw money from the victim's bank accounts, and bore the victim's signature. A similar note, torn from a yellow pad, was found in the victim's truck. Handwriting on these notes matched the victim's. Most of the funds withdrawn from the victim's account were traced to defendant's bank account, and defendant was arrested in possession of the victim's truck.

I.

Defendant first argues that the trial court abused its discretion by refusing to dismiss a juror for cause. We disagree.

■ When a juror challenged for cause disavows any prejudice, the trial court must be accorded wide discretion in passing on the challenge. *People v. Russo,* 713 P.2d 356 (Colo.1986). It is the trial court's prerogative to give considerable weight to a juror's assurance under oath of ability to serve fairly and impartially. Absent an affirmative showing that the trial court has clearly abused its discretion, its decision will not be disturbed on appeal. *People v. Russo, supra.*

■ Here, the juror admitted familiarity with the case from press accounts, but stated she would attempt to be fair and impartial despite such knowledge. Under such circumstances, the trial court did not abuse its discretion in denying the challenge for cause.

## II.

Defendant's next contention is that the trial court abused its discretion by permitting a witness to give expert opinion testimony without having been qualified as an expert. We disagree.

A supervisor of technical services for the Lakewood police testified concerning the sources of pieces of duct tape found on the victim and the note paper found in his truck. Through his testimony, the People introduced photographs of the tape ends abutting each other, showing the tears in enlarged proportions. The court allowed this witness, over defense objection, to give a lay opinion under CRE 701 that the torn ends of the tape found on the rope binding the victim's body matched the torn ends of the tape found at defendant's home.

Following a similar procedure, the witness demonstrated the similarity between tears in the note paper found in the victim's truck, and tears from the yellow pad seized from defendant's home. Photographic enlargements of the torn ends next to each other were also introduced as exhibits, and the witness opined that the paper was torn from defendant's pad.

The witness was not offered as an expert, nor was he testifying about any scientific, technical, or other specialized knowledge. *See* CRE 702. Rather, he was stating a lay opinion within the bounds of CRE 701, which provides:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

■ The sufficiency of evidence to establish the qualifications and knowledge of a witness to express a lay opinion based on physical facts he has observed is a question for the trial court, and is not subject to reversal unless clearly erroneous. *People v. Gallegos,* 644 P.2d 920 (Colo.1982).

■ Contrary to defendant's contention, the witness' testimony concerning the method of identifying the tape and paper tears was not admitted to establish his technical expertise; it was merely to show the basis for his perception of the evidence. Once such perception was shown, it was proper to permit the witness to state a lay opinion rationally based on his perception that the torn pieces matched. Moreover, his opinion was helpful to the determination of a fact in issue. Thus, the trial court did not abuse its discretion in permitting the witness to express an opinion as a lay witness. *See People v. Nhan Dao Van,* 681 P.2d 932 (Colo.1984).

## III.

Finally, defendant contends that the trial court erred in entering judgments of conviction and imposing sentences for each of the jury's three verdicts of first degree murder. The People admit error, and we agree.

■ Dual convictions and sentences for felony murder and murder after deliberation are precluded when the convictions and sentences are based on the killing of a single victim. *People v. Lowe,* 660 P.2d 1261 (Colo.1983).

However, sufficient evidence was presented regarding defendant's conduct to sustain the conviction for first degree murder after deliberation. *See People v. Fields,* 697 P.2d 749 (Colo.App.1984); *People v. Madson,* 689 P.2d 639 (Colo.App. 1984). Therefore, we affirm that conviction.

Because the judgments of conviction for felony murder must be vacated, defendant's contention that the trial court erred in failing to instruct the jury on his theory regarding felony murder is moot.

The judgment of conviction for first degree murder after deliberation and the sentence imposed thereon is affirmed. The judgments of conviction and sentences for felony murder are reversed, and the cause is remanded with direction to vacate the judgments of conviction and sentences for felony murder.

STERNBERG and CRISWELL, JJ., concur.