The **CITY OF COLORADO SPRINGS, a Home Rule City and a Colorado municipal corporation, Plaintiff–Appellee,**

v.

**Steven B. WEBER, in his official capacity of President, Local 640, International Brotherhood of Police Officers; International Brotherhood of Police Officers, Local 640, Defendants–Appellants.**

No. 88CA1650.

Colorado Court of Appeals,
Div. III.

Nov. 9, 1989.

As Modified on Denial of Rehearing
Dec. 14, 1989.

Certiorari Denied April 9, 1990.

James G. Colvin II, City Atty., and Walter S. Rouse, Chief Litigation Atty., Colorado Springs, for plaintiff-appellee.

Louis A. Weltzer and Fogel, Keating & Wagner, P.C., David R. Struthers, Denver, for defendants-appellants.

Opinion by Judge NEY.

In an action seeking declaratory relief, defendants, the International Brotherhood of Police Officers (IBPO), its Local Chapter (Local 640), and the president of Local 640 appeal from a summary judgment in favor of the City of Colorado Springs. We affirm.

Local 640 is a voluntary labor union consisting of police officers and civilians associated with the Colorado Springs Police Department. Local 640 is affiliated with the IBPO, a national union.

Defendants requested that the City deduct regular monthly union dues from the paycheck of each police employee, who was a member of the union, through a "dues checkoff." The City denied this request.

Both the defendants and the City subsequently sought declaratory relief regarding the propriety of the City's refusal to provide the "dues checkoffs." After consolidating the actions, the trial court granted the City's motion for summary judgment, declaring that defendants had no right to insist upon a "dues checkoff." This appeal followed.

## I.

Summary judgment is available to a party that is able to demonstrate there is no genuine dispute as to any material fact and that party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). Such is the case here.

## A.

Defendants first contend that they have been denied equal protection of the law because the City refuses to grant them a "dues checkoff" while it simultaneously allows other employee organizations that same privilege. There is no evidence that the city has treated the defendant unions any differently than other unions, and therefore, their equal protection challenge was properly resolved on summary judgment.

Equal protection of the laws requires that the government treat similarly situated persons in a similar manner. *Tassian v. People*, 731 P.2d 672 (Colo.1987). To establish a violation of equal protection, a party is required *initially* to show that unreasonably disparate treatment has been accorded similarly situated individuals. *See People v. Myers*, 198 Colo. 295, 599 P.2d 891 (1979).

■ Defendants recognize that they "can have all of the rights to dues checkoffs ... which are granted to other organizations ..." if Local 640 forms a "front organization," to receive the funds. The City desires to create this facade to avoid formal recognition of the union. All other unions desiring a "dues checkoff" must also create these "front organizations." Hence, the city treats all unions consistently, and there is no disparate treatment of defendants. Thus, no denial of equal protection is present here.

## B.

We reject defendants' assertion that they were denied due process since there were no standards to determine which organizations would receive dues checkoffs.

■ Defendants concede that the right to a dues checkoff is not a constitutional right. Since they have no legitimate claim of entitlement under the law to demand this benefit, *See City of Charlotte v. Local 660, International Association of Firefighters*, 426 U.S. 283, 96 S.Ct. 2036, 48 L.Ed.2d 636 (1976), and only a "unilateral expectation" by the defendants, there has been no deprivation of a "property right" under either the state or federal constitution. *See Arkansas State Highway Employees Local 1315 v. Kell*, 628 F.2d 1099 (8th Cir.1980) (where statute merely permitted city to deduct employees' union dues, rather than mandate it, union had no expectancy in the deductions, and hence no property right was implicated for due process purposes). Hence, as a matter of law, there was no due process violation in the City's refusal to grant defendants a "dues checkoff."

## II.

Defendants also urge that the City's refusal to allow them the right to utilize city bulletin boards in order to communicate with their members constitutes a denial of equal protection and free speech. We agree with the trial court's holding that those assertions were not fully briefed nor

argued. We therefore do not address them on appeal.

### III.

Lastly, defendants assert the trial court erred by restricting their discovery and thereby limiting their ability to respond to the City's motion for summary judgment. We find no error.

Defendants argue that they have been unable to obtain information such as the identity of the person with authority to determine what organizations would be given dues checkoffs or access to City bulletin boards. In our view, such information would neither create a genuine dispute as to a material fact, nor would it alter the legal resolution of this case.

Judgment affirmed.

STERNBERG and PLANK, JJ., concur.