The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kenneth Michael EMERY, Defendant–Appellant.

No. 88CA1490.

Colorado Court of Appeals, Div. I.

Oct. 11, 1990.

Rehearing Denied Nov. 23, 1990.

Certiorari Denied July 15, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Denver, James A. Cooke, Sp. Deputy State Public Defender, Boulder, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Kenneth Michael Emery, appeals the judgment of conviction entered on jury verdicts finding him guilty of vehicular homicide and driving under the influence. We affirm.

The record shows that defendant was driving with two friends on a mountain road in the early morning when their vehicle went off the road resulting in the death of one of the passengers. Defendant admitted to drinking shortly before the accident, and an officer at the scene noticed that defendant had bloodshot eyes and a strong odor of alcohol on his breath. A medical technician who accompanied defendant to the hospital opined that he was under the influence of alcohol.

Because of the remote location of the accident, a blood sample was not drawn from defendant until approximately three hours after the accident. A second blood sample was drawn one-half hour after the first. No alcohol was consumed and no food had been ingested by defendant between the time of the alleged offense and the taking of the blood samples. The results of a chemical analysis of the samples were 0.129 and 0.124 grams of ethyl alcohol per 100 milliliters of blood respectively.

Using these results, the prosecution's expert extrapolated the test results backward to determine the defendant's blood alcohol level at the time of the accident. He testified, with reasonable certainty, that this level was between 0.184 and 0.164 grams of ethyl alcohol per 100 milliliters of blood.

## I.

Defendant contends that the trial court erred in allowing the blood test results into evidence because the blood samples were taken too late in time. We disagree.

Defendant relies upon § 42–4–1202(1.5)(a), C.R.S. (1989 Cum. Supp.) to argue that a blood sample must be withdrawn within two hours after driving in order for the test results to be admissible. However, defendant was charged under § 42–4–1202(1)(a), C.R.S. (1984 Repl.Vol. 17) (driving under the influence). Furthermore, the legislative act amending § 42–4–1202(1.5)(a) to require that the test be conducted within two hours after driving did not take effect until July 1, 1988. See Colo. Sess. Laws 1988, ch. 293, at 1363. The accident at issue oc-

curred on August 9, 1987. Section 42–4–1202 and its testing regulations apply only to the specific violations set forth therein. *People v. Nhan Dao Van,* 681 P.2d 932 (Colo.1984).

Both statutory provisions, however, under which defendant was charged permit a jury to infer that a defendant was under the influence of alcohol if it finds that the amount of alcohol in his blood at the time of the commission of the alleged offense "or within a reasonable time thereafter," as shown by chemical analysis of the defendant's blood, is 0.10 percent or more. Sections 42–4–1202(2), C.R.S. (1984 Repl.Vol. 17) and 18–3–106(2), C.R.S. (1986 Repl.Vol. 8B). There are no more explicit temporal limitations for extracting a blood sample in either provision.

■■■ Contrary to defendant's contention, the delay in obtaining samples did not affect the validity or reliability of the test, nor did it affect the admissibility of the test results. *See People v. Bowers,* 716 P.2d 471 (Colo.1986). The "reasonable time" limitation is to ensure that the request for the test is made close enough in time to the alleged offense that the results will be relevant in the determination of a defendant's sobriety at the time of the incident. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). And, while the timeliness of the blood test may affect its accuracy, evidence which relates to the accuracy of a chemical test affects the weight to be accorded the evidence, rather than its admissibility. *People v. Nhan Dao Van,* 681 P.2d 932 (Colo. 1984).

■ It is theoretically possible that a person's level of intoxication could increase between the time of the alleged offense and the time blood samples are taken. However, a lapse of time will generally favor a defendant because of the body's ability to metabolize alcohol. *See* I.R. Erwin, *Defense of Drunk Driving Cases* § 15.07 (1989). Further, admission of blood test results does not limit any efforts by defendant to challenge the accuracy of the results, or the weight they are to be given. Nor does it prohibit the jury from considering any other competent evidence regarding the inference of intoxication. Sections 42–4–1202(2)(d), C.R.S. (1984 Repl. Vol. 17) and 18–3–106(3), C.R.S. (1986 Repl. Vol. 8B).

Under these circumstances, we conclude that the blood test results were properly admitted as competent, circumstantial evidence relevant to corroborate the testimony of witnesses who believed defendant to be under the influence of alcohol when the accident occurred.

## II.

Defendant challenges the admissibility of the state's extrapolation evidence on the grounds that it is scientifically unreliable. We do not address its scientific reliability; instead, we conclude that, although the evidence should have been excluded as irrelevant, its admission was harmless error.

As previously stated, the General Assembly has authorized certain statutory inferences to be drawn based on the blood alcohol content of a defendant as revealed by a chemical test conducted at the time of the alleged offense or within a reasonable time thereafter. If the trier of fact determines that the chemical test reveals defendant's blood alcohol level to be 0.10 percent within a reasonable time after the alleged offense, it may infer that defendant was driving under the influence. Sections 42–4–1202(2) and 18–3–106(2). The blood alcohol test results are statutorily deemed to relate back to the alleged offense for purposes of applying the statutory inferences.

■ Here, the prosecution presented evidence that approximately three hours after the accident, defendant's blood alcohol level was above the statutory percentage. From that evidence, the jury could infer that defendant was under the influence at the time of the offense. Because the circumstances at issue permitted the jury to make such inference, the extrapolation evidence offered by the prosecution to establish a still higher blood alcohol level was neither necessary nor relevant here.

This is not a situation in which the prosecution is unable to produce chemical test results sufficient to allow a presumption of

intoxication when the test was administered, thereby necessitating backward extrapolation to establish a sufficient level at the time of the incident to activate the presumption. *See State v. Bradley*, 578 P.2d 1267 (Utah 1978). Nor was there extrapolation or other evidence offered by defendant to rebut the accuracy of the test results or establish a lack of impairment. *See Quinto v. Juneau*, 664 P.2d 630 (Alaska App.1983).

■ Here, defendant's blood alcohol level was, within a reasonable time after the accident, sufficient to permit an inference that he was under the influence when the accident occurred. And, since it was undisputed that defendant had not ingested any food or alcohol between the time of the infraction and the time of the blood test, the prosecution was not required to show his specific blood alcohol level at the time of the infraction. *See* §§ 42–4–1202(2) and 18–3–106. Therefore, presentation of further scientific or technical testimony in this case by the prosecution was neither probative of any fact of consequence, nor helpful to the jury in determining any fact in issue. *See* CRE 401 and CRE 702.

■ In light of the evidence against defendant and the acceptance by the jury of the accuracy of the test results in establishing the initial presumptive level, we conclude that the admission of expert extrapolation evidence here was harmless error. *People v. Fuller*, 788 P.2d 741 (Colo.1990).

### III.

■ Defendant urges us to review the trial court's denial of his request for probation. However, if the trial court has considered all of the circumstances and available evidence, its decision to deny a request for probation is not subject to appellate review. Section 16–11–101, C.R.S. (1986 Repl.Vol. 8A); *People v. Godwin*, 679 P.2d 1095 (Colo.App.1983).

Here, the trial court made specific findings on the record which show that it had properly considered all of the circumstances of the case and the available evidence in its decision not to grant probation.

Thus, the trial court's decision to deny probation is not subject to our review.

In light of our foregoing discussion, we do not address defendant's remaining contention.

The judgment is affirmed.

HUME and MARQUEZ, JJ., concur.